## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BETTY ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 3:13-cv-00242-DRH-SCW |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STELLAR RECOVERY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BETTY ADAMS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, STELLAR RECOVERY, INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    BETTY ADAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Belleville, County of St. Clair, State of Illinois.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to US Bank DDA Prime (hereinafter, "the Debt").

1

6.     The debt that Plaintiff allegedly owed US Bank DDA Prime was for a credit card, on which charges were incurred for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     STELLAR RECOVERY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois.  Defendant is incorporated in the State of Montana.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV.   ALLEGATIONS

14.     On or about December 4, 2012 Defendant initiated a telephone call to Plaintiff's mother.

15.     During the course of the aforementioned telephone conversation, Defendant inquired as to where Plaintiff lives, and verified Plaintiff's phone number with her mother.

16.     During the course of the aforementioned telephone conversation, Defendant also disclosed to Plaintiff's mother that it was a debt collector and that Plaintiff owed a debt.

17.     Plaintiff did not consent to Defendant contacting third parties.

18.     Plaintiff's mother is 82 years old. She suffers from depression due to financial hardships.

19.     On or about December 5, 2012 Plaintiff initiated a telephone call to Defendant's representative.

20.     During the course of the aforementioned telephone conversation, Plaintiff instructed Defendant not to call her mother anymore.

21.     In response, Defendant's representative called Plaintiff a "deadbeat".

22.     Defendant's representative further told Plaintiff that if she had not put down her mother as a primary contact and paid her bills on time, Defendant would have not been forced to contact Plaintiff's mother.

23.     Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

24.     The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed US Bank DDA Prime.

3

25.     The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26.     The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

27.     In its attempts to collect the debt allegedly owed by Plaintiff to US Bank DDA Prime, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

  b.  Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

  c.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

29.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BETTY ADAMS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a.  All actual compensatory damages suffered;

  b.  Statutory damages of $1,000.00;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BETTY ADAMS**


By: ___s/ David M. Marco_____
   Attorney for Plaintiff

Dated: March 13, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com